[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly illegal confinement resulting from a judgment of conviction, following a jury trial, for manslaughter first degree, in violation of General Statutes § 53a-55 (a)(3), and larceny first degree, in violation of General Statutes § 53a-122 (a)(3), for which offenses the petitioner received a total, effective sentence of a CT Page 5802 prison term of thirty-five years.
The petitioner asserts that his confinement is illegal in that his trial counsel, Assistant Public Defender Susan Brown, rendered ineffective assistance by failing properly to utilize two, exculpatory letters both before and during his trial. The petitioner gave these letters, purportedly authored by Anthony Smith and Tyrone Hightower, to Brown sometime in 1989 when the petitioner, Smith, and Hightower were being held in custody awaiting trial. Smith was killed in a gang skirmish in March of 1990. The petitioner's jury trial was held in March of 1991.
The criminal charges against the petitioner stemmed from allegations that the petitioner stole a car and later engaged the police in a high speed chase which ended when the petitioner recklessly drove the stolen car head-on into another car killing the driver of that car. Smith and Hightower were passengers in the stolen car at the time of the chase. The gist of the two letters which the petitioner gave to Brown is that, despite having previously given statements identifying the petitioner as the driver of the stolen car, Smith and Hightower recanted that identification and named another person as the driver. (petitioner's Exhibits A and B)
At trial Brown decided against offering either letter as evidence. With respect to the letter attributed to Smith, she reached the conclusion that, because Smith was deceased and the letter was unsworn to by Smith, it was inadmissible. With respect to the letter attributed to Hightower, he testified as a prosecution witness and identified the petitioner as the driver of the car in question. Brown spoke to Hightower after this testimony concerning the letter supposedly authored by Hightower. Hightower disavowed knowledge of or participation in the making of the letter. Brown decided against producing this letter before the jury in light of Hightower's assertion that it was a forgery.
The petition claims that Brown was deficient by failing to secure from Smith, while he was alive, a sworn affidavit, the admissibility of which would have survived his demise; and by failing to introduce Hightower's putative letter at trial.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both CT Page 5803 that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
A habeas court deciding an ineffective assistance claim need not address the question of counsel's performance if it is easier to dispose of the claim on the ground of insufficient prejudice,Pelletier v. Warden, 32 Conn. App. 38, 46 (1993). Because the court feels that analysis of the prejudice prong of the Strickland
standard is dispositive, the court proceeds directly to that issue.
In order to satisfy the prejudice component of the Strickland
test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different, Levine M. Manson, 195 Conn. 636, 640
(1985). Reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v. Commissioner,222 Conn. 444, 454 (1992).
In the present case, the prosecution's evidence of the petitioner's guilt was overwhelming. Three passengers in the stolen vehicle identified the petitioner as its driver, to wit: Paul Drawhorn (Respondent's Exhibit A, p. 21 of 3-15-91 Tr.), David Wilson (Respondent's Exhibit A, p. 149 of 3-18-91 Tr); and Hightower (Respondent's Exhibit A, pp. 99 through 108 of 3-19-91 Tr.). In addition, during the high speed chase, the stolen car nearly collided with a police cruiser operated by Hartford Police Officer Alice Gibbs. Gibbs knew the petitioner from before the chase, had an opportunity to scrutinize the driver's appearance, and positively identified the petitioner as the operator of the fleeing car (Respondent's Exhibit A, p. 38 of 3-18-91 Tr.). Finally, the petitioner's fingerprints were found on the driver's door (Respondent's Exhibit A, p. 39 of 3-20-91 Tr.).
Given this state of the evidence against the petitioner, the court finds that the petitioner has failed to meet his burden of proving that the failure of Brown to place the contents of letters in question before the jury creates a reasonable probability that the result of the trial would have been different.
For these reasons, the petition is dismissed.
Sferrazza, J. CT Page 5804
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 5804-M